IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RINNAI AMERICA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. |
| v. | ) | |
| | ) | |
| LIBERTY WHOLESALE SUPPLY, | ) | |
| LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Rinnai America Corporation ("Rinnai" or "Plaintiff"), by and through its undersigned counsel, hereby brings the following Complaint against Defendant, Liberty Wholesale Supply, LLC ("Liberty" or "Defendant"), and alleges in support thereof as follows:

## The Parties

1.      Rinnai is a Nevada corporation with its principal place of business at 103 International Drive, Peachtree City, Georgia 30269.

2.      Liberty is a Delaware limited liability company having a registered address at c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3.      This action arises under §§ 1114(1) and 1125(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; the Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.*; and the common law of the State of Delaware.

4.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and 1367.

5.      This Court has personal jurisdiction over Defendant because Defendant is a Delaware limited liability company organized under the laws of the State of Delaware and it conducts business in the State of Delaware.

6.      As a result, venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c).

## **Statement of Facts**

7.      Plaintiff has been manufacturing gas appliances including its innovative tankless water heaters and other home heating gas appliances in the United States since 1974.

8.      Plaintiff is the owner of the RINNAI trademark and service mark, as well as numerous other marks (collectively, the "Rinnai Marks").

9.       Rinnai is also the owner of numerous United States Trademark Registrations for its Rinnai Marks, including Reg. No. 3,656,787 most of which have attained incontestable status. A true and correct copy of  the Registration Certificate for Plaintiff's United States Trademark Registration No. 3,656,787 is attached hereto as **Exhibit A** and incorporated by reference in its entirety.

10.      In connection with the sale of its products, Plaintiff offers certain product warranties and services which are only available on products purchased directly from Plaintiff or one of its authorized dealers. Plaintiff does not honor warranties on products purchased from

unauthorized dealers such as Defendant. The "Product Registration and Warranty" section of

Plaintiff's website states:

> Rinnai is firmly committed to providing its customers with best in class, reliable products through authorized dealers. Our policy is to honor product warranties and to perform services only on products purchased from an authorized Rinnai dealer and only accompanied by a receipt or proof of purchase. If you purchase a Rinnai product from an unauthorized dealer or if the original factory serial number has been removed, defaced or altered, your Rinnai warranty will not be valid.
>
> Unfortunately, there are some websites and online dealers who claim to be authorized Rinnai resellers but are not. Products sold on these websites or from these online dealers do not carry a warranty from Rinnai. When you purchase products from an unauthorized website or online dealer you are taking a risk, because these products may be counterfeit, used, defective, or may not be designed for use in your particular installation. Please protect yourself and your Rinnai product by ensuring that you only purchase Rinnai products from an Authorized Rinnai Dealer.

*See* RINNAI PRODUCT REGISTRATION AND WARRANTY, https://www.rinnai.us/support/warranty.

11.     Defendant is currently using the Rinnai Marks without authorization in

connection with the unauthorized and unlicensed sale of Rinnai products online.

12.     Specifically, Defendant prominently displays one or more of the Rinnai Marks on

its pages listing Rinnai products for sale. A true and correct image from Defendant's website

displaying a number of Rinnai products adjacent to Rinnai Marks is attached hereto as **Exhibit B**

and incorporated herein by reference in its entirety

13.     Because the Rinnai Marks identify products originating only from Rinnai and its

authorized distributors, Defendant's use of the Rinnai Marks and sale of Rinnai products will

confuse and mislead the consuming public as to the origin, sponsorship, or approval of Defendant's sale of Rinnai's products and use of the Rinnai Marks.

14.     Defendant's use of the Rinnai Marks and its sale of Rinnai products improperly suggest an affiliation, connection, or association between Rinnai and Defendant that does not exist.

15.     Further compounding the likelihood of confusion as to the origin, sponsorship or approval of Defendant's sale of Rinnai's products and the improper suggestion of an affiliation, connection, or association between Rinnai and Defendant, each of Defendant's webpages listing Rinnai products and displaying the Rinnai Marks includes a reference to a "warranty" without clearly stating that the items sold by Defendant do not carry Plaintiff's warranties because Defendant is not an authorized or licensed distributor of Rinnai products. A true and correct image from Defendant's website listing for sale the Rinnai 18" Polypropylene Roof Discharge Terminal for Condensing Tankless Water Hearer Model #184162PP (the "Rinnai Discharge Terminal")  is attached hereto as **Exhibit C** and incorporated herein by reference in its entirety.

16.     Additionally, nowhere on Defendant's website, including on those pages specifically listing Rinnai products in conjunction with the display of Rinnai Marks, does Defendant clearly explain that it is not an authorized seller of Rinnai Products.

17.     Moreover, many of the listings for Rinnai products on Defendant's website include links to Rinnai's proprietary customer brochures and instruction manuals without clarifying that Defendant is not an authorized or licensed seller of Rinnai products. True and correct copies of Rinnai's customer brochure and instructions for the Rinnai Discharge Terminal retrieved from Defendant's website are attached hereto as **Exhibit D** and incorporated herein by

reference in their entirety; *see also* Ex. C, displaying links to the Rinnai Discharge Terminal "Customer Brochure" and "Installation Instructions."

18.     On August 3, 2017, Rinnai sent Defendant a letter (the "Cease and Desist Letter") demanding that Defendant cease and desist from shipping Rinnai's products, filling orders for Rinnai products, and accepting further orders for Rinnai products. The letter further demanded that Defendant immediately remove all uses of the Rinnai Marks from its website and all third party websites under its control. A true and correct copy of the Cease and Desist Letter is attached hereto as **Exhibit E** and incorporated by reference in its entirety.

19.     Despite Plaintiff's demand that Defendant immediately halt its unauthorized use of the Rinnai Marks, the Defendant continues to use and display the Rinnai Marks on its website in connection with its unauthorized and unlicensed sale of Rinnai products.

## Count I
### (Trademark Infringement, 15 U.S.C. § 1114(1))

20.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21.     Plaintiff is the owner of the Rinnai Marks, including U.S. Trademark Registration No. 3,656,787, registered with the United States Patent and Trademark Office (the "USPTO") (*See* Ex. A).

22.     Defendant has used and continues to use the registered Rinnai Marks without authorization or license to do so from Plaintiff.

23.     Defendant's conduct is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's products, or Defendant's affiliation, sponsorship, or other relationship between Plaintiff and Defendant in violation of 15 U.S.C. § 1114(1).

24.     Defendant's conduct constitutes trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

25.     Defendant's conduct has caused or is likely to cause, irreparable injury to the value and goodwill of the Rinnai Marks, as well as irreparable injury to Plaintiff and its business, good will and reputation. Plaintiff has no adequate remedy at law because damages are continuing and difficult to ascertain.

26.     Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief and an award of Defendant's profits, actual damages, treble damages, attorneys' fees, costs, and interest, as provided by 15 U.S.C. § 1117.

## Count II
### (Unfair Competition, 15 U.S.C. § 1125(a))

27.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28.     Plaintiff is the owner of the Rinnai Marks, which include certain uncontestable trademarks registered with the USPTO as well as nationwide common law trademark rights dating back to 1974.

29.     Defendant has used and continues to use the Rinnai Marks in connection with the sale of Rinnai products, in direct competition with the sale of Plaintiff's products by Plaintiff or its authorized distributors under the Rinnai Marks.

30.     Defendant's use of the Rinnai Marks to advertise, promote, and sell gas appliances is likely to cause confusion or mistake, or to deceive customers as to an affiliation, sponsorship, connection, or association of Plaintiff with Defendant, or as to the affiliation, sponsorship, or approval of Defendant's products or sale of Plaintiff's products, all to the harm of Plaintiff in violation of 15 U.S.C. § 1125(a).

31.     Defendant's use of the Rinnai Marks without authorization or license constitutes unfair competition with and infringement of the trademark rights of Plaintiff, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     Defendant's conduct has caused or is likely to cause, irreparable injury to the value and goodwill of the Rinnai Marks, as well as irreparable injury to the business, goodwill, and reputation of Plaintiff. Plaintiff has no adequate remedy at law because Defendant's conduct is continuing and damages are difficult to ascertain.

33.     Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief and an award of Defendant's profits, actual damages, treble damages, attorneys' fees, costs, and interest, as provided by 15 U.S.C. § 1117.

## Count III
### (Deceptive Trade Practices Under Delaware Law, 6 Del. C. § 2531 *et seq.*)

34.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35.     By its conduct, Defendant has caused a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of services by Plaintiff. Accordingly, Defendant has committed deceptive trade practices in violation of Delaware Uniform Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.*

36.     By its unauthorized use of the Rinnai Marks in connection with its unauthorized and unlicensed sale of Rinnai products, Defendant has caused Plaintiff irreparable harm and injury and will continue to do so unless Defendant is restrained and enjoined by this Court from further violation of Plaintiff's rights.

37.     Plaintiff has no adequate remedy at law because Defendant's conduct is continuing and damages are difficult to ascertain.

38.     Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief and an award of Defendant's profits, actual damages, treble damages, attorneys' fees, costs, and interest, as provided for in 6 Del. C. § 2533.

**Count IV**
**(Unfair Competition Under Delaware Common Law)**

39.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40.     Defendant's conduct constitutes misappropriation of valuable property rights of Plaintiff and is thereby likely to confuse and deceive members of the purchasing public. By its conduct, Defendant has engaged in unfair competition in violation of the common law of the State of Delaware.

41.      By its unauthorized use of the Rinnai Marks in connection with its unauthorized and unlicensed sale of Rinnai products, Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff.

42.      Plaintiff  has no adequate remedy at law because the harm caused by Defendant is continuing and damages are difficult to ascertain.

43.      Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief and an award of Defendant's profits, actual damages, treble damages, attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

FOR THE FOREGOING REASONS, Plaintiff prays for a judgment in its favor and against Defendant as follows:

1.      For judgment in favor of Plaintiff that Defendant has infringed Plaintiff's federally registered trademark rights in the Rinnai Marks and has otherwise violated Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

2.      For judgment in favor of Plaintiff that Defendant has infringed Plaintiff's registered trademark rights and common law trademark rights in the Rinnai Marks and has otherwise violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3.      For judgment in favor of Plaintiff that Defendant has, willfully or otherwise, engaged in deceptive trade practices causing a likelihood of confusion or misunderstanding in violation of 6 Del. C. § 2531 *et seq.* and the common law of the State of Delaware.

4.      For issuance of a preliminary and permanent injunction restraining and enjoining Defendant and its divisions, subsidiaries, officers, agents, employees, and attorneys, and all those persons in active concert or participation with it, from:

a.      Using the Rinnai Marks alone, or in combination with other terms or designs, or using any reproduction, copy, or colorable imitation or variation of the Rinnai Marks on or in connection with the advertising, distribution, sale, or offering for sale of any gas appliances;

b.      Performing any acts that are likely to lead the public to believe that gas appliances provided or sold by Defendant are in any manner licensed, sponsored, approved, or authorized by Plaintiff.

5.      For an Order that Defendant cease all acts of trademark infringement, unfair competition, and deceptive trade practices.

6.      For all damages Plaintiff has suffered by reason of Defendant's deceptive trade practices, unfair competition, and infringement of the registered trademark rights of Plaintiff and the common law trademark rights of Plaintiff.

7.      For all profits wrongfully derived by Defendant through its deceptive trade practices, unfair competition, and infringement of the registered trademark rights of Plaintiff and the common law trademark rights of Plaintiff.

8.      For three times Defendant's profits on its unauthorized use of the Rinnai Marks in connection with its unauthorized and unlicensed sale of Rinnai products or Plaintiff's damages,

whichever is greater, arising from Defendant's unlawful activities, and attorneys' fees of Plaintiff, pursuant to 15 U.S.C. § 1117(a) and 6 Del. C. § 2531 *et seq.*

       9.     An award of pre-judgment interest and post-judgment interest on the damages award.

      10.    For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Richard A. Barkasy
Richard A. Barkasy (# 4683)
rbarkasy@schnader.com
SCHNADER HARRISON SEGAL & LEWIS LLP
824 N. Market Street, Suite 800
Wilmington, DE 19081
(302) 888-1696
rbarkasy@schnader.com

Dated: December 20, 2017       *Attorneys for Plaintiff Rinnai America Corporation*